**IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION**

Yunior Castaneda,
an individual,

                                           Case No.:

      Plaintiff,

v.

Convergent Outsourcing, Inc.,

      Defendant.

_____/

## COMPLAINT

**COMES NOW** the Plaintiff, Yunior Castaneda ("Plaintiff"), by and through undersigned counsel, alleges that the Defendant, Convergent Outsourcing, Inc. ("Defendant"). In support thereof, Plaintiff alleges:

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692, *et seq.* (hereinafter, "FDCPA").

## JURISDICTION, VENUE & PARTIES

1. Damages in this action exceed $500.00 but are less than $2,500.00

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 34.01, 47.011, and 15 United States Code, Section 1692k(d).

3. At all material times herein, the conduct of the Defendant, complained of below, occurred in Osceola County.

4. At all material times herein, Plaintiff is an individual residing in Osceola County,

Florida.

5.    At all material times herein, Defendant is a Debt Collection Company.

6.    At all material times herein, Defendant is located at 800 SW 39th Street Suite #100

Renton, WA 95805.

## FDCPA STATUTORY STRUCTURE

7.    The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes

liability on any creditor/person as well as any debt collector— who "uses any instrumentality of

interstate commerce or the mails in any business the principal purposes of which is the collection

of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed

or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular

violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat.

§ 559.55(5).

8.    Specifically, the FDCPA prohibits unlawful debt collection "communication" with

consumer debtors, which is defined as "the conveying of information regarding a debt *directly or*

*indirectly* to any person *through any medium*" (emphasis added).  15 U.S.C. § 1692(a)(2).

9.    For example, the FDCPA states, "without the prior consent of the consumer given

directly to the debt collector, or the express permission of a court of competent jurisdiction, or as

reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not

communicate, in connection with the collection of any debt, with any person other than the

consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor,

the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b)

## GENERAL ALLEGATIONS

10.    At all material times herein, Defendant is a "debt collector" as defined by 15 United

States Code Section 1692(a)(6).

11.     At all material times herein, Defendant collects or attempts to collect—directly or indirectly—debts owed or due to another, or asserted to be owed or due to another.

12.     At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code Section 1692(a)(3).

13.     At all times material herein, Defendant attempted to collect an alleged debt due from Plaintiff, specifically an alleged Credit Card Account (hereinafter, "Debt").

14.     At all material times herein, Defendant acted themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

15.     At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal, household, or family use.

16.     Upon information and belief, Defendant uses a third-party mail vendor, which uses information provided by the debt collector which includes the consumer's name, name of creditor to whom a debt is allegedly owed, and the amount of an alleged debt – to fashion, print, and mail debt collection letters to consumers.

17.     This unnecessary practices exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

18.     All necessary conditions precedent to the filing of this action occurred or has been waived by Defendant.

## FACTUAL ALLEGATIONS

19.     Plaintiff had an account with Citibank and it was sold to Velocity Investments, LLC.

20. Defendant started collections of the account and sent a debt collection letter. See Debt Collection Letter attached as Exhibit "A."

21. The letter disclosed the balance of the debt and that it was a credit card debt.

22. The letter discloses the creditor to whom Defendant alleged the debt is and was owed.

23. Defendant did not print the collection letter.

24. Rather, Defendant, in connection with the collection of a consumer debt, provided information regarding Plaintiff and the debt, including Plaintiff's name, address, the amount of the Debt, and other private details regarding the Debt, to a third-party mail vendor.

25. The return address on the letter does not match the Defendant's address.

26. The return address on the letter includes a P.O. Box in Oaks, PA, which seems to be a mail vendor as Defendant is located in Renton, WA.

27. Plaintiff retained the Law Offices of Consumer Law Attorneys Corp. (hereinafter collectively, "Undersigned Counsel") for the purpose of pursuing this matter against the Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for their services.

## CAUSES OF ACTION
### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

28. Plaintiff incorporates by reference all the facts and allegations contained in paragraphs 1-27 of this Complaint as though fully stated herein.

29. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

30.     By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, Plaintiff's home address, and the alleged creditor, with a third party, Defendant violated 15 U.S.C. § 1692c(b). *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

31.     The harm Plaintiff suffered is particularized in that Defendant's communication to a third party involved his alleged debt and private, personal information.

32.     And the violation of Plaintiff's right not to have his private information shared with third parties is a concrete injury sufficient to confer standing.

33.     To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to a third-party vendor—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

34.     Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading his privacy.

35.     That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about him and the Debt.

36.     Moreover, Plaintiff suffered reputational harm by Defendant sharing his private, debt-related information with a third party, including by Defendant disclosing in the first instance that Plaintiff is an alleged debtor.

37.     As a direct and proximate result of Defendant' actions, Plaintiff sustained damages as defined by 15 U.S.C. 1692k.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment against Defendant, award Plaintiff the statutory damages in the amount of $1,000.00, attorney's fees and costs and any further relief this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

        a.      Judgment against Defendant declaring that Defendant violated the FDCPA;

        b.      Judgment against Defendant for maximum statutory damages for violations of the FDCPA;

        c.      Judgment against Defendant for actual damages in an amount to be determined at trial;

        d.      Judgment against Defendant for an award of reasonable attorneys' fees and costs; and

        e.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right

Respectfully submitted this August 27, 2021,

By: /s/ Young Kim
Young Kim, Esq.
FBN: 122202
CONSUMER LAW ATTORNEYS CORP.
2727 Ulmerton Road, Suite 270
Clearwater, Florida 33762
Phone: (877) 241-2200
Fax: (727) 623-4611
E-mail: litigation@consumerlawattorneys.com
ykim@consumerlawattorneys.com

# Exhibit

# "A"

ATERSO01
PO Box 1280
Oaks, PA 19456-1280
CHANGE SERVICE REQUESTED

Convergent Outsourcing, Inc.
800 SW 39th St., Suite #100 PO Box 9004
Renton, WA 98057
Mon-Thu 8AM-8PM, Fri 8AM-5PM CST
877-495-0400

Date: 09/11/2020
Creditor: Velocity Investments, LLC
Original Account #:
Convergent Account #:
Original Creditor: Citibank (South Dakota), N.A.

Reduced Balance Amount: $1,310.49

Amount Owed: $3,744.25
Total Balance: $3,744.25

Yunior Castaneda
2727 Ulmerton Rd Ste 270
Clearwater FL 33762-3368

---

**Reduced Balance Opportunity**

Dear Yunior Castaneda:

The account referenced above has been placed by Velocity Investments, LLC with our office for collection.

Velocity Investments, LLC has purchased this account which was previously owned by Deville Asset Management, LTD and was originated by Citibank (South Dakota), N.A. under account number 60353201919673346.

Our client has advised us that they are willing to satisfy your account in full for 35% of your total balance. The reduced balance amount of $1,310.49 must be received in our office by an agreed upon date. If you are interested in taking advantage of this opportunity, call our office within 60 days of your receipt of this letter. We are not obligated to renew this offer.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

Questions about Convergent visit http://convergenthelp.com/

**3 CONVENIENT WAYS TO PAY**

Pay Online: Pay your bill online with your credit/debit card or checking account at www.payconvergent.com

Pay by Phone: We offer check by phone, Western Union, and credit/debit card 877-495-0400.

Pay by Mail: Send payments to Convergent Outsourcing, Inc., PO Box 9004, Renton, WA 98057-9004



PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT BEFORE MAILING. PLEASE ENSURE RETURN ADDRESS ♦♦ REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE ♦♦

Convergent Phone #: 877-495-0400
Date: 09/11/2020
Creditor: Velocity Investments, LLC
Original Account #:
Convergent Account #:

Reduced Balance Amount: $1,310.49

Total Balance: $3,744.25
Amount Enclosed: US _____

**New Address:**
Address: _____
City: _____ ST _____ Zip: _____
Daytime Phone: (___) _____ - _____
Evening Phone: (___) _____ - _____

Questions about Convergent visit http://convergenthelp.com/

Convergent Outsourcing, Inc.
PO Box 9004
Renton WA 98057-9004

0800671583260000374425000131049